IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAWRENCE TRAYLOR,<br>Petitioner, | : | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254 |
| v. | : | |
| STATE OF GEORGIA et al.,<br>Respondents. | : | CIVIL ACTION NO.<br>1:12-CV-1286-TWT-LTW |

## FINAL REPORT AND RECOMMENDATION

Petitioner is a former state prisoner who, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254 regarding a criminal conviction in Fulton County in 2002. (Doc. 6.) Petitioner is currently on probation as a result of that conviction. (*Id.*) Respondents have moved to dismiss the state officials and substitute Petitioner's probation officer – Charles Kennedy – as the proper respondent and have moved to dismiss the amended petition as untimely. (Docs. 12, 13.) Petitioner filed no response to either motion, and the deadline for doing so has expired. *See id.*; LR 7.1B, NDGa. The motions are therefore deemed unopposed. *See* LR 7.1B, NDGa. Petitioner filed a motion seeking a hearing and to make his probation officer the only respondent. (Doc. 15.)

On April 18, 2002, Petitioner pled guilty in the Superior Court of Fulton County, Georgia to aggravated assault with intent to rape. (Doc. 6 at 1; Doc. 14-7.)

The trial court sentenced Petitioner to twenty years imprisonment, with the last ten of those years to be served on probation. (*Id.*) On September 22, 2003, the trial court denied Petitioner's motion to withdraw his guilty plea. (Doc. 6 at 2, Doc. 14-9.) Petitioner did not appeal his conviction or sentence. (Doc. 6 at 2). Petitioner states that he was never told that he could appeal his conviction.[1] (*Id.*)

On March 13, 2006, Petitioner filed a petition for a writ of habeas corpus in the Superior Court of Coffee County, Georgia.[2] (Doc. 14-1 at 30.) That court denied the petition on September 26, 2007, (*Id.* at 48-62), and on February 27, 2012, the Georgia Supreme Court denied Petitioner a certificate of probable cause to appeal the denial, (Doc. 14-2 at 8; Doc. 14-3). While awaiting the Georgia Supreme Court's ruling, Petitioner filed a federal habeas petition in this Court in 2008. Petition, *Traylor v. Washington*, No. 1:08-cv-2020-TWT (N.D. Ga. June 10, 2008). The Court dismissed

---

[1] Petitioner did appeal a separate conviction for false imprisonment that resulted from a jury trial conducted shortly before Petitioner pled guilty in the case that he challenges here. *See Traylor v. State*, 619 S.E.2d 746 (Ga. Ct. App. 2005) (affirming false imprisonment conviction).

[2] Petitioner states in his amended petition that he filed that habeas action on March 13, 2005, (Doc. 6 at 2,) but the copy of the petition filed in the state court indicates that it was filed on March 13, 2006, (Doc. 14-1 at 30). Even if Petitioner had filed that action on March 13, 2005, his federal habeas petition would still be untimely, as explained below.

2

that petition without prejudice because Petitioner had not exhausted his state remedies. Order, *Traylor*, No. 1:08-cv-2020-TWT (Oct. 8, 2008).

On October 23, 2008, Petitioner filed a second state habeas petition. (Docs. 14-4, 14-5.) The state court dismissed that petition as successive, (Doc. 14-5), and on September 28, 2009, the Georgia Supreme Court denied Petitioner a certificate of probable cause to appeal that dismissal, (Doc. 14-6). Petitioner filed his petition in this case on April 9, 2012. (Doc. 1 at 5.) As explained below, the petition is untimely.

Absent extraordinary circumstances, a federal district court may not consider the merits of a petition for a writ of habeas corpus unless it is timely filed. 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

3

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under Georgia law, if a criminal defendant does not appeal his judgment of conviction, the judgment becomes final thirty days after it is entered because that is the expiration of the time for seeking appellate review. O.C.G.A. § 5-6-38(a).

Petitioner's criminal judgment became final on October 22, 2003, thirty days after the state trial court denied his motion to withdraw his guilty plea, because he did not appeal the judgment. The one-year limitations period for filing a federal habeas petition began on that date as none of the other potential starting dates apply. *See* 28 U.S.C. § 2244(d)(1). The limitations period ended on October 22, 2004.[3]

---

[3] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (quotation marks omitted).

4

Petitioner did not challenge his judgment of conviction in the state courts until March 13, 2006. The habeas petition Petitioner filed in state court on that date did not toll the federal limitations period because the limitations period had already expired by then. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). This federal habeas action, filed over seven years after the limitations period expired, is therefore untimely. Petitioner does not contend otherwise – as he did not respond to the motion to dismiss his petition as untimely.

Petitioner also has not contended, or otherwise shown, any basis to excuse his late filing. *See Holland v. Florida*, 130 S. Ct. 2549, 2562, 2565 (2010) (limitations period may be equitably tolled only if the petitioner demonstrates that there were extraordinary circumstances and he exercised reasonable diligence in pursuing his rights); *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) ("The actual innocence exception is exceedingly narrow in scope, and the petitioner must demonstrate that he is factually innocent rather than legally innocent." (quotation

5

marks omitted)). Petitioner's contention that he was not told he could appeal the state court's judgment entered on his guilty plea provides no basis to excuse his delay in seeking federal habeas relief. Petitioner appealed his separate conviction for false imprisonment that was rendered at essentially the same time and in the same court, undermining any claim that he was either unaware or ignorant of the appeal process. Unfortunately for Petitioner, ignorance of his right to appeal his guilty plea in state court does not excuse him from the requirement that he file any habeas action in federal court within one year of the date the judgment on that plea became final. *See Anderson v. Taylor*, No. CV411-260, 2012 WL 2339501, at *1-2 (S.D. Ga. June 19, 2012) (finding that state prisoner's ignorance of the federal habeas limitations period and his lawyer's failure to file an appeal in state court did not excuse late filing). Petitioner has not shown that he was diligent in pursuing his right to challenge his conviction in federal court under § 2254. The record demonstrates that his petition is several years late.

Accordingly, **IT IS RECOMMENDED** that Respondents' motions to dismiss [12, 13] be **GRANTED**, that Probation Officer Charles Kennedy be added as a Respondent, and that this action be **DISMISSED** as untimely. **IT IS RECOMMENDED** that Petitioner's motion to change Respondent and for a hearing

6

[15] be **DENIED AS MOOT** given the recommendations regarding Respondents' motions. Finally, **IT IS RECOMMENDED** that Petitioner be **DENIED** a certificate of appealability because the timeliness issue is dispositive and not reasonably debatable. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 23 day of July, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

7